UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Brian Leonard, | ) | CASE NO. 1:23 CV 33 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Sage Hospitality The Westin Cleveland | ) | Memorandum of Opinion and Order |
| Downtown Hotel, et al., | ) | |
| Defendant. | ) | |

**Introduction**

This matter is before the Court upon defendant Sage Hospitality The Westin Cleveland Downtown Hotel's Motion to Dismiss Plaintiff's Complaint (Doc. 15) and defendant Chicago and Midwest Regional Joint Board's Motion to Dismiss. (Doc. 24). For the following reasons, both motions are GRANTED.

**Facts**

Plaintiff, proceeding *pro se*, filed this Complaint against defendants Sage Hospitality The Westin Cleveland Downtown Hotel (hereafter, Westin) and Chicago and Midwest Regional Joint Board (hereafter, the Union). The Complaint alleges the following.

1

Plaintiff was employed by the Westin since April 2014 as a night steward, with duties such as cleaning ovens, grills, and floors. He was furloughed during the pandemic and called back to work in August 2021. On September 20, 2021, Chef Daryl Thomas yelled at plaintiff to bring him some plates. Chef Thomas was busy because a cook had called off and "he was upset with that and wanted to take it out on me." Plaintiff reported the chef's hostility to Executive Chef Jacob Alturin, "just to let the head chef know I was hollered at by Daryl for no reason." On September 29, 2021, Chef Thomas yelled at plaintiff again for talking to a cook even though plaintiff was only asking her if she needed her grill cleaned. Also on that day, Chef Thomas again acted in a hostile manner when he told plaintiff to clean some garbage cans. Plaintiff objected that he only had a few minutes left on his shift and was finishing other tasks. After Chef Thomas told the executive chef that plaintiff refused to clean the cans and plaintiff was told he would be written up if he failed to do so, plaintiff cleaned the cans.

After his shift ended, plaintiff made a complaint to Human Resources Director Megan Hunter[1]. Hunter showed plaintiff photos sent to her phone by Chef Alturin of dishes left in the kitchen and Hunter stated that "whatever they said it must be true."

Plaintiff texted his Union representative Michelle Smith with his grievance. Smith responded that a meeting on his grievance was scheduled for October 5, 2021. A meeting was held that day with Smith, Hunter, Alturin, and plaintiff. Plaintiff stated in the meeting that his grievance was "about being harassed, retaliated for the way Chef Daryl continued to yell at me and [Hunter] not wanting to investigate my complaint fairly." Smith "thought it was a laughing

---

[1] The spelling of Hunter's name is not consistent in the Complaint, briefs, or EEOC charges. So, the Court refers to her as Hunter.

matter because of my race as black and just a dishwasher." Plaintiff also experienced age discrimination because he was asked to do the work of younger workers who had no experience and were incompetent. At the end of the October 5 meeting, Smith gave plaintiff a check list of work which was "a way to retaliate against me."

On October 13, 2021, Hunter and Chef Alturin went over the check list at the end of plaintiff's shift and noted trash on the dining room floor. Plaintiff believes Hunter was only trying to "set plaintiff up" because the condition of the floor "was not my fault" and only the chef should have been checking plaintiff's work. Hunter and Alturin informed plaintiff that if he continued to not meet the check list, he would be terminated. Plaintiff responded that he was tired of the harassment, retaliation, and ridicule, and that Hunter intentionally opened the patio doors to let all the trash blow onto the floor. Plaintiff said he would no longer "go along with the check list."

On October 16, 2021, after a busy night, plaintiff refused to go over the check list with Chef Alturin and left to go home. Hunter suspended plaintiff the next day for failing to do the check list. Union representative Smith allowed this even though it violated the bargaining agreement. In an October 19, 2021 meeting, Smith refused to review the security camera film which would have shown that Hunter intentionally opened the patio doors. Hunter terminated plaintiff on October 29, 2021. A final meeting was held on November 3, 2021, but plaintiff did not "want to come back because it was clear I was not going to be treated right." (Compl.)

Plaintiff claims the Union violated his civil rights for failing to represent him fairly because of his age, race, and status as a steward/dishwasher. He also asserts a claim under Title VII against Westin for creating a hostile work environment permeated with discriminatory

3

intimidation, ridicule, and insults. He was additionally discriminated against "because of age to work alone and younger workers did not have to do their work." Finally, plaintiff challenges his "wrongful termination and suspension." (Compl.)

Plaintiff filed identical charges of discrimination with the EEOC against each defendant. He alleged that each defendant discriminated against him on the basis of race (black) and retaliated against him.  The EEOC charges state that on October 5, 2021, he complained to Human Resources Director Meghan Hunter that [he] was being discriminated against and subjected to a hostile work environment. He complained to Smith and Hunter during the October 11, 2021 meeting that he "was being subjected to a hostile work environment, paid less than those from the outside agency, and harassed by the Head Chef Jacob Atrium and [Chef Thomas]." He was terminated on October 29, 2021. (Doc. 15 Ex. 1, Doc. 24 Ex. 1).  Plaintiff was issued a right to sue letter on both charges.

This matter is now before the Court upon the motions to dismiss filed by each defendant. Plaintiff opposed both motions.  Neither defendant filed a reply brief.

**Standard of Review**

"Dismissal is appropriate when a plaintiff fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). We assume the factual allegations in the complaint are true and construe the complaint in the light most favorable to the plaintiff." *Comtide Holdings, LLC v. Booth Creek Management Corp.,* 2009 WL 1884445 (6th Cir. July 2, 2009) (citing *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir.2008) ).  In construing the complaint in the light most favorable to the non-moving party, "the court does not accept the bare assertion of legal conclusions as enough, nor does it accept as true unwarranted factual inferences."

4

*Gritton v. Disponett,* 2009 WL 1505256 (6th Cir. May 27, 2009) (citing *In re Sofamor Danek Group, Inc.*, 123 F.3d 394, 400 (6th Cir.1997). As outlined by the Sixth Circuit:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests."*Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. A plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir.2012). Thus, *Twombly* and *Iqbal* require that the complaint contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face based on factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 570; *Iqbal,* 556 U.S. at 678. The complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555.

*Pro se* pleadings are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). "This generous construction, however, has limits. *Pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to conjure allegations or unpleaded facts on their behalf or construct claims for them." *Croskey v. Robinson*, 2023 WL 4456817 (N.D. Ohio July 11, 2023) (citing *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008); *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008); *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001)).

**Discussion**

5

**(1) Westin's Motion to Dismiss**

Westin argues that the hostile work environment and age discrimination claims fail because plaintiff did not plead the necessary elements, and that the ADEA claim fails for failure to exhaust the administrative remedies. For the following reasons, this Court agrees.

**(a) hostile work environment**

A hostile work environment exists where "the workplace is permeated with 'discriminatory intimidation, ridicule, and insult,' that is 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment....' " *Harris v. Forklift Sys.*, 510 U.S. 17 (1993). To succeed on a hostile work environment claim based on race, plaintiff must first establish a prima facie case by showing: (1) he is a member of a protected class; (2) he was subjected to unwelcomed racial harassment; (3) the harassment was race based; (4) the harassment unreasonably interfered with his work performance by creating an environment that was intimidating, hostile, or offensive; and (5) employer liability. *Id*

To establish a claim of retaliatory hostile work environment, a plaintiff must show: (1) he is a member of a protected class; (2) he received unwelcome retaliatory harassment; (3) the harassment was due to his prior protected activity; (4) the harassment resulted in a hostile work environment; and (5) the employer failed to correct the harassment after being made aware. *Haywood v. Brennan*, 2021 WL 3885083 (W.D. Tenn. Aug. 31, 2021) (citing *Willey v. Slater*, 20 F. App'x 404, 406 (6th Cir. 2001)).

Westin argues that plaintiff fails to plead the necessary elements of a hostile work environment claim. Specifically, he fails to allege that the harassment was based on his race or that the conduct was severe or pervasive.

6

To the extent Westin seeks dismissal on the basis that plaintiff failed to allege facts making out a prima facie case of a hostile work environment, dismissal is not proper on this basis as plaintiff is not required to establish a prima facie case at the pleading stage:

> The Supreme Court "has never indicated that the requirements for establishing a prima facie case under *McDonnell Douglas* also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)). The *McDonnell Douglas* framework is "an evidentiary standard, not a pleading requirement." *Id*. at 510; see also *James v. Hampton*, 592 F. App'x 449, 460 (6th Cir. 2015) ("Although it is ultimately [the plaintiff]'s burden either to establish the elements of the prima facie case under McDonnell Douglas or to offer direct evidence of discrimination, the Supreme Court has held that *McDonnell Douglas* sets an evidentiary standard, not a pleading requirement.") (citing *Swierkiewicz*, 534 U.S. at 510); *Keys v. Humana, Inc*., 684 F.3d 605, 609 (6th Cir. 2012) ("The district court's requirement that [the plaintiff]'s complaint establish a prima facie case under McDonnell Douglas and its progeny is contrary to Supreme Court and Sixth Circuit precedent.").

*Kinney v. McDonough*, 2022 WL 223633, at *6 (6th Cir. Jan. 26, 2022).

Nonetheless, the Court may still find that the Complaint fails to state a claim for hostile work environment under the "plausibility" standard in *Twombly* and *Iqbal. Id.* Thus, the Complaint need only state "sufficient factual content from which a court could draw a reasonable inference of" a hostile work environment based on race. *James v. Hampton*, 592 F. App'x 449, 460 (6th Cir. 2015). Because the Complaint fails to do so, the Court agrees with defendant that the hostile work environment claim is subject to dismissal. Plaintiff alleges that Chef Thomas "yelled" and "hollered" at him, and was "hostile." But, plaintiff does not allege that the hostility was based on race. Rather, he alleges that the chef was "upset" and "wanted to take it out" on plaintiff. The chef was busy and another cook had "called off." The chef was hostile and yelled at plaintiff for talking to a cook while she was working. The chef told plaintiff "in a hostile manner" to clean the garbage cans, and Megan Hunter believed the chef when she saw photos of

7

the dishes left in the kitchen. Plaintiff does not allege that any of these work interactions occurred because of his race. Plaintiff believes that Megan Hunter retaliated against him for reporting the harassment and opened the patio doors to allow trash to blow into the dining area, but plaintiff makes no indication that she did so based on his race. Plaintiff only mentions his "race as black" once when he alleges that the Union representative thought his grievance "was a laughing matter because of my race as black and just a dishwasher."

Even assuming plaintiff has alleged enough to create an inference that the chef and Hunter were motivated by plaintiff's race or that Hunter retaliated against him for reporting the harassment, plaintiff fails to allege severe or pervasive conduct which supports a plausible hostile work environment claim either based on race or retaliation for reporting the chef to human resources or filing a grievance with the Union. Whether harassment qualifies as severe or pervasive, a court evaluates the totality of the circumstances. *Johnson v. Ford Motor Co.*, 13 F.4th 493, 505 (6th Cir. 2021). "In so doing, we consider the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Rembert v. Swagelok Co.*, 2023 WL 3094546 (6th Cir. Apr. 26, 2023) (internal quotations and citations omitted). "This inquiry has objective and subjective components: the conduct must be severe or pervasive enough to create an environment that a reasonable person would find hostile or abusive, and the victim must subjectively regard that environment as abusive." *Id.* (citing *Johnson v. Ford Motor Co.*, 13 F.4th 493, 505 (6th Cir. 2021)).

If plaintiff's allegations and the inferences arising from the Complaint do not amount to discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the

8

conditions of plaintiff's employment and create an abusive working environment, then dismissal is proper. *Middleton v. United Church of Christ Board,* 2021 WL 5447040 (6th Cir. Nov. 22, 2021). See also *Bryant v. McDonough,* 72 F.4th 149 (6th Cir. 2023) (Motion to dismiss for failure to state a claim is properly granted where plaintiff's allegations, accepted as true, do not plausibly show that her work environment was pervasively discriminatory.) Here, plaintiff's allegations and the inferences therefrom simply are not sufficiently severe or pervasive so as to plausibly plead a hostile work environment. Plaintiff alleges that the chef yelled and hollered at him on several occasions, the chef instructed him to do tasks even though there was little time left on his shift, the chef and Hunter enforced a check list of duties which the Union representative "came up with," and Hunter opened patio doors intentionally to allow trash to blow into the dining area. Title VII is not a "general civility code" and does not encompass "the ordinary tribulations of the workplace." *Middleton*, *supra* (citations omitted). Moreover, the Union representative devised the check list at the meeting which was held in response to plaintiff's complaints. The fact that the Human Resources director and the chef enforced the check list could not plausibly be seen as "a way to retaliate against" plaintiff as he has alleged.

For these reasons, the Complaint fails to state a claim for hostile work environment. [2]

### (b) age discrimination

Westin argues that the age discrimination claim must be dismissed. For the following reasons, the Court agrees that dismissal is warranted.

To establish a prima facie case of age discrimination under the ADEA, a plaintiff must

---

[2] Nor does plaintiff allege that his "wrongful" suspension and termination were based on his race.

9

show: (1) he was at least age 40 at the time of the alleged discrimination; (2) he was qualified for the job in question; (3) he suffered an adverse employment action; and (4) circumstances that support an inference of discrimination. *Bledsoe v. Tennessee Valley Auth. Bd. of Directors*, 42 F.4th 568 (6th Cir. 2022); *Tuttle v. Metropolitan Govt. of Nashville,* 474 F.3d 307 (6th Cir. 2007). Westin argues that plaintiff fails to allege that he is over 40 years old. This Court agrees. Plaintiff does not allege his age. He only alleges that age discrimination occurred because he was expected to do the work of younger, incompetent workers. Plaintiff's exhibit attached to his brief in opposition includes a statement that he was born in June 1962. (Doc. 21 Ex. 1 at 10). But, plaintiff's Complaint does not properly allege that he is a member of the protected class and, thus, plaintiff has not provided defendant with "fair notice of the basis" for his claim. On this basis dismissal is warranted. *Kinney v. McDonough*, 2022 WL 223633, at *6 (6th Cir. Jan. 26, 2022).

Even assuming plaintiff sufficiently alleged his membership in the protected class, Westin points out that the EEOC charge fails to cite age discrimination. (Doc. 15 Ex. 1). "Before filing a civil action under the ADEA, a plaintiff must first file a charge alleging unlawful discrimination with the EEOC." *Kindred v. Memphis Light, Gas & Water*, 2023 WL 3158951 (6th Cir. Feb. 27, 2023). Because plaintiff's EEOC charge alleges only race and retaliation (and did not check the box indicating "age"), Westin was not on notice that plaintiff would also be alleging age discrimination.

For these reasons, the ADEA claim is dismissed.

**(2) The Union's Motion to Dismiss**

    **(a) age discrimination**

The Union argues that the age discrimination claim fails for failure to exhaust because plaintiff did not file a timely charge with the EEOC alleging age discrimination. This Court agrees for the reasons stated above. Plaintiff's EEOC charge against the Union only alleged race discrimination and retaliation. It did not check the box indicating "age."

Even if plaintiff's age discrimination claim had been exhausted, the Union additionally argues that plaintiff has failed to allege facts stating a claim for relief under the ADEA. Again, this Court agrees. The ADEA states in pertinent part as relevant to the Union:

> (c) Labor organization practices
>
> It shall be unlawful for a labor organization--
>
> (1) to exclude or to expel from its membership, or otherwise to discriminate against, any individual because of his age;
>
> (2) to limit, segregate, or classify its membership, or to classify or fail or refuse to refer for employment any individual, in any way which would deprive or tend to deprive any individual of employment opportunities, or would limit such employment opportunities or otherwise adversely affect his status as an employee or as an applicant for employment, because of such individual's age;
>
> (3) to cause or attempt to cause an employer to discriminate against an individual in violation of this section.

29 U.S.C. § 623(c). Not only did plaintiff fail to allege his membership in the protected class (i.e., 40 years of age or older), but the Union points out that plaintiff does not allege an adverse action committed by it. In fact, the Complaint alleges that the Union promptly responded to his complaint and quickly held a meeting. At most, plaintiff alleges that the Union representative took the Westin's side at the meeting and instituted the check list. Union representative Smith also "allowed" plaintiff's suspension for failing to comply with the check list and failed to review the security camera footage regarding the patio doors. A meeting was held after

11

plaintiff's suspension and a final meeting was held on November 3, 2021, following plaintiff's termination, but there is no allegation from which it could be plausibly inferred that the Union discriminated against plaintiff on the basis of his age in violation of the statute.

For these reasons, the ADEA claim is dismissed for failure to state a claim.

### (b) race discrimination

Title VII sets forth the unlawful employment practices by a labor organization:

(c) Labor organization practices

It shall be an unlawful employment practice for a labor organization--

(1) to exclude or to expel from its membership, or otherwise to discriminate against, any individual because of his race, color, religion, sex, or national origin;

(2) to limit, segregate, or classify its membership or applicants for membership, or to classify or fail or refuse to refer for employment any individual, in any way which would deprive or tend to deprive any individual of employment opportunities, or would limit such employment opportunities or otherwise adversely affect his status as an employee or as an applicant for employment, because of such individual's race, color, religion, sex, or national origin; or

(3) to cause or attempt to cause an employer to discriminate against an individual in violation of this section.

42 U.S.C. § 2000e-2(c).

The Complaint alleges that the Union violated plaintiff's civil rights by "not representing [him] because of ... race..." Plaintiff alleges that the Union representative thought the grievance "was a laughing matter." Smith also allowed Hunter to suspend plaintiff for not following the check list.

To establish a prima face case against the Union under Title VII for failing to file, pursue, or mishandle a grievance, a plaintiff must show that (1) the employer violated the collective

12

bargaining agreement with respect to plaintiff; (2) the Union permitted the violation to go unrepaired, thereby breaching the Union's duty of fair representation; and (3) the Union's actions were motivated by racial animus. *Allen-Amos v. Ford Motor Co.,* 2020 WL 4334880 (S.D. Ohio July 28, 2020), report and recommendation adopted, 2020 WL 5250441 (S.D. Ohio Sept. 3, 2020). Plaintiff fails to allege that Westin violated the collective bargaining agreement and does not allege any facts to create a plausible inference that the Union breached its duty of representation. In fact, plaintiff alleges that the Union pursued his grievance over the alleged harassment and held a prompt meeting. The Union also held meetings following plaintiff's suspension and termination. Nor does plaintiff allege that the Union refused to file a grievance over his suspension or discharge. Plaintiff's allegations that the Union representative took Westin's side and "allowed" his suspension are vague and conclusory and do not state a plausible right to relief. Although plaintiff alleges that Michelle Smith "thought it was a laughing matter" because of plaintiff's race, the alleged facts show that the meeting resulted in Smith "coming up with" the check list. While plaintiff did not like the check list, it shows that the Union representative did attempt to resolve plaintiff's complaints. Even though plaintiff alleges that Smith "allowed" the suspension, plaintiff does not allege that this was on the basis of race or that the Union failed to represent him because of his race. In fact, plaintiff alleges that there was another meeting following his suspension and one following his termination.

Plaintiff's claim of race discrimination against the Union fails to state a claim.[3]

**Conclusion**

---

[3] The Union additionally argues that although plaintiff does not assert claims of hostile work environment and retaliation against it, the claims would fail even if he had. The Court need not reach these arguments.

13

For the foregoing reasons, defendant Sage Hospitality The Westin Cleveland Downtown Hotel's Motion to Dismiss Plaintiff's Complaint and defendant Chicago and Midwest Regional Joint Board's Motion to Dismiss are granted.

IT IS SO ORDERED.

Dated: 8/29/23

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge